## August Reichert, M. T. Bagby and W. A. Schwartz, Appellants, v. Mannon Bankson, Appellee.

1. MORTGAGES, § 610*—*when purchaser may not recover rent from tenant of mortgagee.* A purchaser at a mortgage foreclosure sale of premises under a mortgage executed prior to a lease by the mortgagor and who has received a deed, is not entitled to recover rent from a tenant who has not attorned to him where he has served a demand in writing upon the tenant to surrender possession of the premises after receiving the deed, as required by the Landlord and Tenant Act, sec. 1 (J. & A. ¶ 7039).

2. MORTGAGES, § 608*—*when purchaser at foreclosure sale may eject tenant of mortgagor.* A purchaser at a mortgage foreclosure sale has the right to eject any tenant placed in possession of such premises by the mortgagor subsequent to the making of the mortgage who might seek to hold over after the period of the equity of redemption.

3. LANDLORD AND TENANT, § 15*—*when relation does not exist.* The relation of landlord and tenant does not exist between the purchaser at a mortgage foreclosure sale who has received a deed and a tenant of the mortgagor under a lease subsequent to the mortgage where such tenant has not attorned to the mortgagee, and it is immaterial that such purchaser has demanded rent of such tenant.

Appeal from the Circuit Court of Pulaski county; the Hon. BENJA-MIN W. POPE, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

WALL & MARTIN, for appellants.

C. S. MILLER and CHARLES L. RICE, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

This is an action brought by appellants against appellee before a justice of the peace, for the recovery of certain rents. The trial before the justice resulted in a judgment in favor of appellee, whereupon an appeal was taken to the Circuit Court of Pulaski county where the cause was tried *de novo* by the court without a jury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Judgment was rendered in favor of appellee, from which judgment this appeal is prosecuted.

On December 17, 1910, Abner C. Bankson, father of appellee, with his wife, executed a mortgage to H. M. Britt, August Reichert, W. O. Smoot, G. E. Curt, M. T. Bagby, Charles H. Brown and William Schwartz upon two hundred acres of land in Pulaski county to secure the payment of a note for $5,000. Thereafter, said Britt became the sole owner of said note and mortgage and after the same fell due, brought suit to foreclose. A decree of foreclosure was rendered at the January term, 1913, of said court. The premises were sold under said decree to appellant August Reichert, to whom was issued a certificate of purchase. A one-third interest in this certificate was assigned to appellant M. T. Bagby, and another one-third interest was assigned to appellant W. A. Schwartz. The premises sold for $4,800, and a deficiency decree was awarded against said Abner C. Bankson for $1,429.13. The equity of redemption having expired on the 8th day of June, 1914, the special master on June 18, 1914, deeded said premises to appellants. No question is raised as to the regularity of the above proceedings.

The possession of said premises during the period of the equity of redemption remained in said Abner C. Bankson and were rented by him to various tenants. Appellee, Mannon Bankson, rented forty acres of the premises for wheat, which was sowed in the fall of 1913. He was to pay one-third of the proceeds of the crop after taking out expenses of threshing and hauling to market, which said rent amounted to the sum of $190.29.

On June 19, 1914, being the next day after receiving the master's deed, appellants Schwartz and Reichert went to the home of Abner C. Bankson to inform the said Bankson that they had a deed and to see about the rent. It seems that appellants did not know at the time that the said Abner C. Bankson had rented said

land to appellee. The wheat was afterwards threshed and when being hauled to market, the appellant Schwartz went to appellee and demanded the rent. Appellee refused to give it to him, but said to him he would put it in the bank at Ullin and let the court say to whom it belonged. Appellee, thereafter, on the advice of counsel and before the beginning of this suit, paid said rent to his father, Abner C. Bankson, the said mortgagor. Under the contract that Mannon Bankson had with his father, for the payment of the rent, the same was due when the wheat was sold and the expenses taken out. There is practically no controversy as to the facts in this case, but only as to the law applicable thereto. Appellants presented four propositions of law to the trial court which they contend should have been held, but which were refused.

The sole question to be determined in this case under the propositions of law passed upon by the trial court is whether the purchaser of premises under a foreclosure sale and who has received a deed, on the expiration of the period of redemption, has a right of action against a tenant in possession of said premises under a lease from the mortgagor made subsequent to the execution of the mortgage foreclosed, where no demand for possession of said premises has been made by such purchaser after receiving said deed, and where said tenant has not attorned to said purchaser as his tenant.

The trial court held on the hearing of said cause that the purchaser of the premises under the conditions above named had no right of action for rent against said tenant, and we are inclined to the opinion that the holding of the trial court was correct, and that the appellants in this case were not entitled to recover from the appellee for the proceeds of the rent wheat in question. Tiffany in his work on Landlord and Tenant, at page 876, in discussing this question says: "If the interest of the landlord is sold under a judgment, mort-

gage or other lien, which is subsequent to the lease, the purchaser becomes the landlord in the former owner's place, since the reversion passes by the sale. In such case the purchaser takes only what the lessor has, that is, his estate in reversion, and the rights of the tenant under the outstanding lease remain such as they would be in the case of a voluntary transfer of the reversion. If, on the other hand, the premises are sold under a judgment, mortgage or other lien prior to the lease, the purchaser comes in by title paramount to the lease, and he is entitled to possession as against the tenant thereunder. And as the tenant under a lease has no rights in the land as against the purchaser under a prior incumbrance, so such purchaser has, apart from statute, no rights as landlord against such tenant, unless the latter accepts a new lease from the purchaser, or, which is the same thing, attorns to him. The purchaser's title dates back to the date of the lien under which he claims, and he is in the same position towards the tenant under the lease as that in which one to whom the owner of land conveys the absolute title would be towards a tenant under a lease which such owner might make after thus divesting himself of the title, that is, he is an absolute stranger towards such tenant. The enforcement of the lien divests all intermediate estates and interests to the same extent as would the enforcement of a condition subsequent at common law. The courts occasionally lose sight of the above distinction between a sale under a prior and one under a subsequent lien, speaking of a purchaser under a prior lien as being entitled to the rent under the lease. It may be remarked that if the purchaser at the sale made to enforce such prior lien could be regarded as entitled to the rights of a reversioner as against the tenant, he would necessarily enjoy them subject to the same limitations as the lessor himself, and the result would be that the lien

could be rendered practically valueless by the making of a long lease at an exceedingly low rent.''

This subject is also discussed in 24 Cyc. at page 1174. The language being as follows: ''If the lease is prior to the mortgage, the mortgagee is an assignee of the reversion and in that character entitled to all the rents, excepting only such as may have been paid by the lessee before notice of the assignment; but when the lease is subsequent to the mortgage, there is no privity between the mortgagee and the lessee, and no right in him to demand the rent reserved by the lease.''

In the case of *Reed v. Bartlett,* reported in the 9th Ill. App. at page 267, the court discussing this question on page 270 says: ''When they, as owners of the equity of redemption, leased the premises to the appellee, his estate for years was carved out of the equity of redemption and not out of the fee. The estate granted to the appellee, and the reversion in them constituted the entire equity of redemption, and when the mortgage was foreclosed the equity of redemption became extinguished and the reversion and the leasehold estate fell with it. The purchaser at the mortgage sale became the owner of the premises in fee; and could have treated the occupant as a trespasser and recovered the possession by ejectment without notice, or in forcible detainer under the statute, and when evicted under the paramount title of the mortgagee neither the mortgagor or his lessee would be entitled to the emblements. * * * But the purchaser cannot distrain for rent, or bring an action to recover it, unless the tenant has attorned to him, as the relation of landlord and tenant does not exist between them.''

In the case of *Bartlett v. Hitchcock,* reported in the 10th Ill. App. at page 87, the court on page 89 discussing this question says: ''But neither in fact or in law does the purchaser at a mortgage sale become the assignee of the reversion or of the term, where the lease out of which these estates arise, is made after the

execution of the mortgage. This title acquired at the sale relates back to the execution of the mortgage, and he takes the title as then existing in the mortgagor, divested of sales, liens or leases made by the mortgagor or those claiming under him. The mortgagor does not become the tenant of the mortgagee (*Carroll v. Ballance,* 26 Ill. 9), and the relation of landlord and tenant does not exist between the mortgagor and a purchaser at the sale. Hence tenants under leases made subsequent to the mortgage, may be treated as trespassers by the mortgagee or the purchasers, and ejected without notice. * * * And the single act of the mortgagee or the purchaser in demanding rent of such tenant, will not create the relation of landlord and tenant when such demand has not been acted upon, so as to enable such mortgagee or purchaser to recover rent *eo nomine.*" To the same effect is Taylor on Landlord and Tenant (4th Ed.), sec. 126; 1 Jones on Mortgages, sec. 777.

We are inclined to the opinion that a purchaser at a mortgage foreclosure has the right to eject any tenant placed in possession of said premises by the mortgagor subsequent to the making of the mortgage who might seek to hold over after the period of the equity of redemption. The purchaser would have the right to proceed under section 1 of the Landlord and Tenant Act (J. & A. ¶ 7039), and serve such tenant with a demand in writing and thereby place himself in a position to recover rent for the use and occupation of the premises. No such demand, however, was served in this case and no attempt was made by appellants to comply with this section of the statute.

We are therefore of the opinion that under the law the transfer of the title to this property from the mortgagor to the purchaser at the foreclosure sale does not create a privity of estate between the tenant under the lease made subsequent to the mortgage, and since there was no privity of contract between appel-

lants and appellee whereby appellee had agreed or obligated himself to pay rent for these premises, and since appellants have not complied with section 1 of the Landlord and Tenants Statute, there can, therefore, be no recovery in this case. The judgment of the trial court is therefore affirmed.

*Affirmed.*